IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-cv-155-RJC-DCK

| | |
|---|---|
| MEINEKE CAR CARE CENTERS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) ORDER and NOTICE OF HEARING<br>) |
| SHANE M. ROTHARMEL, LLC and<br>SHANE M. ROTHARMEL, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on Meineke Car Care Centers, LLC's ("Plaintiff" or "Meineke") Motion for Order to Show Cause, (Doc. No. 23).

I. BACKGROUND

On March 24, 2017, Plaintiff filed a Verified Complaint and a Motion for Preliminary Injunction against Shane M. Rotharmel, LLC and Shane M. Rotharmel (collectively, "Defendants"). (Doc. Nos. 1, 4). Defendants were served with the Summons and Complaint on March 28, 2017, (Doc. Nos. 7, 8). After being granted several extensions of time to respond to Plaintiff's Complaint, Defendants had until July 14, 2017 to "file a Notice of Settlement, Answer, or otherwise respond to Plaintiff's Complaint." (Doc. No. 19). On March 20, 2018, Plaintiff filed a Consent Motion to Enter Agreed Final Order, (Doc. No. 20), and the Court granted the motion and entered a final order pursuant to the settlement agreement entered into by and between the parties in the instant action on March 30, 2018, (Doc. No. 21).

Specifically, this Court directed that:

1. In the event the Meineke Franchise and Trademark Agreements are terminated for Defendants Meineke Center No. 187 located at 1616 Jimmie Davis Highway, Bosier City, Louisiana 71112 (hereinafter, "Center 187") and Defendants Meineke Center 2332 located at 3062 E. Texas Ave., Bosier City, Louisiana 7111 (hereinafter, "Center 2332") pursuant to the settlement agreement entered into by and between the parties to this action, Defendants shall cease and refrain from, for a period of one (1) year from the date of compliance, directly or indirectly owning a legal or beneficial interest in, managing, operating or consulting with: (a) any business operating at the premises of former Center 187 or Center 2332 or within a radius of six (6) miles of the premises of former Center 187 or Center 2332 which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (b) any business operating within a radius of six (6) miles of any Meineke Center which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

2. In the event the Meineke Franchise and Trademark Agreements for Center 187 and Center 2332 are terminated pursuant to the settlement agreement entered into by and between the parties to this action, Defendants shall from the date of such termination: (i) immediately cease using and/or remove and/or have removed any names, marks, signs, forms, advertising, manuals, computer software, supplies, products, merchandise and all other things and materials of any kind which are identified or associated with the Meineke name, logo, marks or trade dress, or which contain a name, logo, mark or trade dress confusingly similar to the Meineke name, logo, marks or trade dress, including, but not limited to the Meineke pole sign and the black, yellow and red signage above the bay doors that list Meineke's services, and; (ii) immediately return to Meineke any written Meineke materials still in Defendants' control.

3. All other claims in this action are dismissed with prejudice.

4. The Court retains jurisdiction over the parties to enforce the provisions of this Order and Judgment.

(Doc. No. 21). On June 1, 2018, Meineke terminated Defendants' franchise agreement in accordance with the terms of the settlement agreement. (Doc. Nos. 24-2, 24-3: Termination Notices – Center 187 and Center 2332). Plaintiff filed a

Motion for an Immediate Order to Show Cause on July 12, 2018. (Doc. No. 23). In that motion, Plaintiff alleges that "despite the Court's clear Order, Defendants are continuing to offer the same services, using the same Meineke trademarks and trade dress, at the exact same locations as the former franchises." (Id. at 2). Defendants have failed to file any response to Plaintiff's Motion to Show Cause.

## II. DISCUSSION

Plaintiff seeks an order from the Court requiring Defendants to show cause why they should not be held in contempt for refusing to comply with this Court's Agreed Final Order entered on March 30, 2018. To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (quoting Colonial Williamsburg Found. v. Kittinger Co., 792 F. Supp. 1397, 1405–06 (E.D. Va. 1992), aff'd, 38 F.3d 133 (4th Cir. 1994)). "Prior to holding a person in contempt, the court must provide the alleged contemnor notice and opportunity for a hearing." JTH Tax, Inc. v. Noor, 2012 WL 4473252, at *2 (E.D. Va. Sept. 26, 2012) (citing Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827, (1994) and In re Computer Dynamics, Inc., 253 B.R. 693, 699 (E.D. Va. 2000)).

The basic facts are set forth above. According to Plaintiff, "Defendants are knowingly and blatantly disregarding this Court's authority and continuing to

operate as if the Order did not exist." (Doc. No. 23 at 2). Plaintiff has submitted accompanying declarations supporting this claim. (Doc. Nos. 24, 25). And Defendants have failed to respond to Plaintiff's Motion. Therefore, the Court finds good cause for Defendants to appear before this Court and show cause why they should not be found in contempt regarding the Court's Order, (Doc. No. 21).

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Order to Show Cause, (Doc. No. 23), is **GRANTED**;

2. Defendants are ordered to appear before this Court on **November 1, 2018, at 9:30 a.m.** and show cause why they should not be held in contempt.

Signed: October 29, 2018

Robert J. Conrad, Jr.
United States District Judge